IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DCSTAR, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE "A,"<br><br>　　　　Defendants. | Case No.: 1:24-cv-01066<br><br>**Judge Sharon Johnson Coleman**<br><br>**Magistrate Judge Gabriel A. Fuentes**<br><br>**JURY TRIAL DEMAND** |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

THIS CAUSE being before the Court on Plaintiff DCSTAR Inc.'s ("Plaintiff") *Ex Parte* Motion to Extend the Temporary Restraining Order against the fully interactive e-commerce stores operating under the seller aliases identified in the Schedule A to the Complaint (the "Seller Aliases"), and this Court having heard the evidence before it hereby GRANTS Plaintiff's *Ex Parte* Motion and orders that the Temporary Restraining Order ("TRO") entered on February 21, 2024 shall be extended for a period of fourteen (14) days until March 20, 2024, and shall apply to the Defendants identified in the Schedule A attached to the TRO.

Pursuant to Federal Rule of Civil Procedure 65, a TRO can be entered for 14 days and can be extended for good cause for an additional 14 days. Fed. R. Civ. P. 65(b)(2). This Court finds good cause for an extension and that additional time is needed before a preliminary injunction hearing can be held in this case for at least the reasons stated herein. Specific facts in the Declaration of Sameeul Haque [19-1] show that additional time is needed for third parties to comply with the TRO. Good cause also exists for the extension because there is a high probability

1

that the Defendants will continue to harm Plaintiffs without the TRO in place. Specifically, Defendants will likely attempt to move any assets from their financial accounts to offshore accounts. As found in granting the TRO, this possibility of harm is significant. Accordingly, in the interest of justice, extension of the TRO is necessary.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiffs have presented specific facts in the Verified Complaint and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. As this Court and other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that the TRO shall be extended for a period of fourteen (14) days until March 20, 2024.

Dated: 3/6/2024

Sharon Johnson Coleman
United States District Judge